1  JOHN M. KIM (Bar No. 188997)
   IP LEGAL ADVISORS, PC
2  1940 Garnet Avenue, Suite 230
   San Diego, CA 92109
3  Telephone: (858) 272-0227
   Facsimile: (858) 272-0221
4
   Attorney for Defendant
5  HD Install Solutions, Inc.

FILED

07 NOV -8 PH 2: 54

CLERK. U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ PVC _____ DEPUTY

6

7                    UNITED STATES DISTRICT COURT

8                   SOUTHERN DISTRICT OF CALIFORNIA

9  BRANDON WALSH dba SO CAL          CASE NO 07 CV    2 1 4 5    H (POR)
   INSTALLS,
10
            Plaintiff,              NOTICE OF REMOVAL OF ACTION UNDER
11                                  28 U.S.C. §1441(b)
        vs.                         (FEDERAL QUESTION)
12
   HD INSTALL SOLUTIONS, INC., a
13 California corporation; SO CAL
   INSTALL; ENRIQUE E. SANTOYO, as
14 an individual; BRYAN AYLWARD, as an
   individual and DOES 1-20 inclusive,
15
            Defendants.
16

17 TO THE CLERK OF THE ABOVE-ENTITLED COURT:

18        PLEASE TAKE NOTICE that defendant HD Install Solutions, Inc. ("Defendant") hereby

19 removes to this Court the state court action described below pursuant to 28 U.S.C. §§1441 and

20 1446 and Federal Rule of Civil Procedure §81(c).

21        1.       On October 15, 2007, an action was commenced by the filing of a Complaint in

22 the Superior Court of the State of California in and for the County of San Diego, captioned

23 Brandon Walsh dba So Cal Installs, Plaintiff, vs. HD Install Solutions, Inc., So Cal Install,

24 Enrique E. Santoyo and Bryan Aylward, Defendants, as case number 37-2007000777963-CU-

25 BT-CTL. Attached hereto as Exhibit A is a true and correct copy of the Complaint.

26        2.       Defendant first received a copy of the Complaint on October 19, 2007, when

27 Defendant was served with a copy of the Complaint along with a Summons from the San Diego

28 Superior Court. Attached hereto as Exhibit B is a true and correct copy of the Summons.

                                            -1-

IP LEGAL ADVISORS

3.    This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1331, and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(b) in that it arises under United States Copyright Law, Title 17 U.S. Code.

4.    This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1331, and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(b) in that it arises under the Federal Trademark Dilution Act, Title 15 U.S. Code.

5.    This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1331, and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(b) in that it arises under the United States Lanham Act, Title 15 U.S. Code.

6.    Defendant respectfully requests, pursuant to 28 U.S.C. § 1367 that the Court exercise its supplemental jurisdiction over all other claims in Plaintiff's complaint which together form part of the same case and controversy.

7.    Defendants Enrique E. Santoyo and Bryan Aylward have not joined in this Notice of Removal, because they have not yet been served.

8.    Defendant So Cal Install has not joined in this Notice of Removal, because this is an entity that does not exist.  Plaintiff has named So Cal Install as a defendant based on the alleged use by Defendant HD Install Solutions, Inc. of the domain name "socalinstall.com"; however, So Cal Install does not exist as a recognized entity and is therefore unable to join in this Notice of Removal.

9.    Contemporaneous with this Notice of Removal, Defendant has filed a Notice to Adverse Party of Removal to Federal Court with the San Diego County Superior Court.  Attached hereto as Exhibit C is a true and correct copy of the Notice to Adverse Party of Removal to Federal Court and the proof of service filed with the San Diego County Superior Court.

1 | Dated:  November 8, 2007

2 | IP LEGAL ADVISORS, P.C.

3

4

5 | JOHN KIM
   | Attorney for Defendant
6 | HD Install Solutions, Inc.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

NOTICE OF REMOVAL OF ACTION

1  TODD C. ATKINS (State Bar No. 208879)
   ATKINS & DAVIDSON
2  450 B Street, Suite 1430
   San Diego, CA 92101
3  Telephone: (619) 231-4725
   Facsimile: (619) 231-4984
4

5  Attorneys for Plaintiff
   BRANDON WALSH dba SO CAL INSTALLS
6

7

8                      SUPERIOR COURT OF CALIFORNIA

9                          COUNTY OF SAN DIEGO

10  BRANDON WALSH dba SO CAL INSTALLS,        Case No.:    37-2007-00077963-CU-BT-CTL

11                              Plaintiff,    COMPLAINT FOR DAMAGES AND
                                             INJUNCTIVE RELIEF:
12  v.

13  HD INSTALL SOLUTIONS, INC., a California  1. Misappropriation of Likeness and
    corporation; SO CAL INSTALL; ENRIQUE E.   Violation of Rights of Publicity;
14  SANTOYO, as an individual; BRYAN
    AYLWARD, as an individual and DOES 1-20,  2. Copyright Infringement/Trademark
15  inclusive,                                Infringement;

16                              Defendants.   3. Intentional Tortious Interference
17                                            With Prospective Business Relationships;

18                                            4. Dilution Of Trademark;

19                                            5. Violation of the California Unfair
20                                            Business Practices Act; and

21                                            6. Common Law Unfair Competition
                                             And California Unfair Competition.
22

23                                            DEMAND FOR JURY TRIAL

24
        Plaintiff BRANDON WALSH dba SO CAL INSTALLS (hereinafter referred to as
25
   "Plaintiff") complains against Defendants HD INSTALL SOLUTIONS, INC.; SO CAL INSTALL;
26
   ENRIQUE E. SANTOYO; BRYAN AYLWARD and DOES 1-20, inclusive, (collectively
27
   "Defendants") as follows:
28

COPY

-1-

*Left margin:* Atkins & Davidson · 450 B Street, Suite 1430, San Diego, CA 92101

*Stamp:* FILED CIVIL BUSINESS OFFICE 5 · 2007 OCT 15 P 3:53 · SUPERIOR COURT

## JURISDICTION AND VENUE

1.    This Court has jurisdiction over this matter because a substantial part of the events and/or omissions giving rise to the claims asserted herein occurred in the County of San Diego, State of California.

2.    Venue is appropriate in this matter because Defendants HD INSTALL SOLUTIONS, INC. and ENRIQUE E. SANTOYO reside in the County of San Diego, State of California.

## THE PARTIES

3.    Plaintiff is, and at all times mentioned herein was, an individual residing in San Diego, California doing business as So Cal Installs.

4.    Plaintiff is informed and believes, and on the basis of such information and belief, alleges that Defendant, HD INSTALL SOLUTIONS, INC., is, and at all times mentioned herein was, a corporation, organized and existing under the laws of the State of California and doing business in the State of California.

5.    Plaintiff is informed and believes, and on the basis of such information and belief, alleges that Defendant, SO CAL INSTALL, is, and at all times mentioned herein was, a company of unknown form doing business in the State of California.

6.    Defendant, ENRIQUE E. SANTOYO, is, and at all times mentioned herein was, an individual residing in the City of San Diego, in the State of California.

7.    Defendant, BRYAN AYLWARD, is, and at all times mentioned herein was, an individual residing in the State of California.

8.    Plaintiff does not know the true names or legal capacities of the defendants sued herein as DOES 1-20, inclusive, and therefore sue said defendants by such fictitious names.

9.    Plaintiff is informed and believes, and thereon alleges, that each of the defendants designated herein as DOE is legally responsible in some manner for the matters herein alleged, and is legally responsible in some manner of causing the injuries to Plaintiff as hereinafter alleged.

10.    At all times mentioned in this complaint, unless otherwise alleged, each defendant was the agent, partner, or employee of every other defendant, and in doing the acts alleged in this

Atkins & Davidson
450 B Street, Suite 1430, San Diego, CA 92101

complaint, was acting within the course, scope, and authority of that agency, partnership, or employment, and with the knowledge and consent of each of the other defendants.

## GENERAL ALLEGATIONS

11.    Plaintiff incorporates by reference and realleges paragraphs 1 through 9 as though fully set forth herein.

12.    In or about April 2007, Plaintiff started the company So Cal Installs for the purpose of installing television systems.  On May 3, 2007, Plaintiff registered the "DBA" of "So Cal Installs" with the County of San Diego.

13.    In or about May 2007, Plaintiff created the web-site for So Cal Installs with an internet address of socalinstalls.com.

14.    On or about June 29, 2007, Defendants started the company So Cal Install for the purpose of installing television systems.  On information and belief, Defendants knew that Plaintiff has already started a company named "So Cal Installs" and Defendants intentionally came up with an extremely similar name in order to attempt to deceive the public.

15.    On or about June 29, 2007, Defendants created the web-site for So Cal Install with an internet address of socalinstall.com.  Defendants' website blatantly copied text from Plaintiff's website.  Several sections of Defendants' website including the 'description of services offered' portion copied Plaintiff's web-site word for word.

16.    In or about September 2007, Defendants started a new company named HD Install Solutions, Inc.  HD Install Solutions, Inc.'s we-site is linked to the socalinstall.com web-site.  HD Install Solutions, Inc. also is using text from Plaintiff's web-site to sell product through Craig's List, a classified ads web-site.

17.    On information and belief, Defendants have also used word for word copying of Plaintiff's website in other advertisements for services on Craig's List and other internet websites.

Atkins & Davidson
450 B Street, Suite 1430, San Diego, CA 92101

## FIRST CAUSE OF ACTION

### Misappropriation of Likeness and Violation of Rights of Publicity

### (Against all Defendants)

18.    Plaintiff incorporates by reference and realleges paragraphs 1 through 17 as though fully set forth herein.

19.    Defendants knowingly and intentionally copied the contents of Plaintiff's web-site, and are using it, or portions of it, in a commercial setting.

20.    Plaintiff's company and web-site existed prior to Defendant's development of their web-site.

21.    Defendants' sole purpose of exploiting Plaintiff's advertisements was for financial gain associated with the sale of their television installment company.

22.    At no time prior to the development or distribution of Defendants' website did Plaintiff provide authorization for Defendants to use its website contents.

23.    At no time after the development or distribution of Defendants' website did Plaintiff provide Defendants authorization to use its website contents.

24.    As a direct result of Defendants misappropriation of Plaintiff's website contents under Civil Code §3344, Plaintiff has incurred actual damages according to proof at time of trial.

25.    Additionally, as a direct result of Defendants' misappropriation of Plaintiff's web-site contents, Defendants have obtained gross revenues and/or profits according to proof at time of trial.

26.    Additionally, the above-mentioned acts by Defendants constitute despicable and deliberate conduct and were undertaken with fraud, oppression and malice towards Plaintiff, as these terms are defined in California Civil Code §3294 and therefore entitle Plaintiff to punitive damages according to proof.

////

1

2

3

4

5

6

7

8

9

10

11

Atkins & Davidson
450 B Street, Suite 1400, San Diego, CA 92101

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SECOND CAUSE OF ACTION

### Copyright Infringement/Trademark Infringement

### (Alleged Against All Defendants)

27.    Plaintiff incorporates by reference and realleges paragraphs 1 through 26 as though fully set forth herein.

28.    At all relevant times Plaintiff owned copyrights to all information created by it between the years 2006 through 2007.   All such works were and are original authorships. As such Plaintiff was and is the legal and beneficial holder of trademark and copyright interests in all such materials. Therefore, at all relevant times Plaintiff alleges that it was the legal and beneficial holder of trademark interests and copyright interests in all relevant materials.

29.    Defendants, and each of them, have engaged in repeated violations of Plaintiff's copyright and trademark interests by engaging in the acts of publicly displaying, broadcasting and otherwise exhibiting materials wherein Plaintiff holds a copyright and trademark interest. Defendants' violations include but are not limited to reproduction of Plaintiff's copyrighted and trademarked materials for commercial sale through the Internet and other formats. Said conduct was done without the express or implied permission, license or authorization of Plaintiff and has infringed on Plaintiff's exclusive right to publicly exhibit, display, broadcast or otherwise exhibit Plaintiff's materials.

30.    In addition to the unauthorized reproduction of Plaintiff's copyrighted and trademarked materials by Defendants, and each of them, Defendants have further infringed on Plaintiff's rights by engaging in specific acts of duplicating Plaintiff's materials without providing proper credit to Plaintiff.  Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, have engaged and are engaging in numerous other similar misattributions of credit.

31.    Defendants' conduct is an express violation of relevant provisions of California State law, including but not limited to *California Civil Code* §§3344 et seq.; *Business & Professions* § 14320 et seq.

32.    At all relevant times the infringement of Plaintiff's copyrights and trademark rights was done willfully, knowingly and intentionally by Defendants, and each of them.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

33.    As required pursuant to *Code of Civil Procedure* §429.30(b) Plaintiff has readily available all relevant materials whose copyright Defendants have allegedly violated. However, due to the bulk of said materials it is impracticable for Plaintiff to attach the materials to Plaintiffs Complaint. However, said materials are available for inspection by the Court and all parties upon request in full compliance with the requirements of *Code of Civil Procedure* §429.30(b).

34.    As a direct result of Defendants' wrongful conduct, as alleged herein, there is now due and owing from Defendants, and each of them, the full amount of Plaintiff's losses, subject to proof at trial, and legal interest on the principal amount for the period commencing in or about June 2007 and continuing up through the present time.

35.    As a further direct result of the Defendants' wrongful conduct, as alleged herein, Plaintiff has been without the use of such funds. The reasonable and foreseeable monetary damage resulting from such loss of use is presently not fully ascertained, but subject to proof at trial.

36.    As a further direct and proximate result of the wrongful conduct of Defendants, and each of them, as alleged herein. Plaintiff has incurred costs and expenses for prosecution of the present action, expert witness fees, attorney fees, and costs and expenses in prosecuting the present action, all in an amount not yet fully ascertained, but to be shown according to proof at trial.

37.    The intentional, callous, willful, wanton and oppressive acts of defendants, as set forth herein-above, are sufficient to warrant the imposition of punitive and exemplary damages against defendants in an amount sufficient to punish and make an example of them. The exact amount of such damages are presently unknown to Plaintiffs, but will be subject to proof at trial.

## THIRD CAUSE OF ACTION

### Intentional Tortious Interference With Prospective Business Relationships

### (Alleged Against All Defendants)

38.    Plaintiff incorporates by reference and realleges paragraphs 1 through 37 as though fully set forth herein.

Atkins & Davidson
450 B Street, Suite 1430, San Diego, CA 92101

39.    At all times material hereto, Defendants have been and are aware of Plaintiff's business relationship and reasonable expectations regarding prospective economic advantage at So Cal Installs.

40.    Despite knowing of the existing business relationship, Defendants, and each of them, intentionally interfered with Plaintiff's business by wrongfully, and without authorization, copying Plaintiff's web-site and utilizing a very similar company name so as to confuse the public.

41.    Through Defendants actions, Defendants have intentionally sought to interfere with Plaintiff's reasonable expectations and prospective economic advantage, and knew that such interference was and is substantially certain to occur.

42.    Defendants' interference with Plaintiff's prospective economic advantage is neither justified nor privileged.

43.    As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer interference with prospective economic advantage including, without limitation, expenses he had reasonably expected not to incur from additional claims, investigation and settlement costs. These damages are in excess of the jurisdictional requirements of this Court, according to proof at trial. Defendants' conduct is characterized by fraud, oppression and/or malice which entitles Plaintiff to an award of exemplary damages against Defendants.

44.    As a result of the intentional conduct of Defendants, and each of them, Plaintiff has been forced to expend additional time and effort in an attempt to recover money owed from Defendants. As a further direct and proximate result of the aforementioned wrongful conduct, Plaintiff has incurred costs and expenses for prosecution of the present action, expert witness fees and attorney fees all in an amount not yet fully ascertained, but to be shown according to proof at trial.

45.    The intentional, callous, willful, wanton and oppressive acts of defendants, as set forth herein-above, are sufficient to warrant the imposition of punitive and exemplary damages against defendants in an amount sufficient to punish and make an example of them. The exact amount of such damages are presently unknown to Plaintiff, but will be subject to proof at trial.

## FOURTH CAUSE OF ACTION

### Dilution Of Trademark

### (As Against All Defendants)

46.     Plaintiff incorporates by reference and realleges paragraphs 1 through 45 as though fully set forth herein.

47.     Plaintiff adopted the mark So Cal Installs and used it continuously in commerce for sale of services pertaining to television installation.

48.     Continuously since on or about April 2007, Plaintiff has used the mark So Cal Installs to identify its service and to distinguish them from those made and sold by others, by, among, other things, prominently displaying the mark So Cal Installs on their website associated therewith.

49.     Defendant has diluted the distinctive quality of Plaintiff's mark by various acts, including the association of Plaintiff's mark with Defendant's services.  Said use of said names and marks by Defendants is without permission or authority of Plaintiff and said use by Defendants is likely to dilute the distinctive quality and effectiveness of Plaintiff's mark.

50.     Since on or about April 2007, Plaintiff has given notice that it is the mark owner.

51.     Said acts of Defendant constitute dilution of Plaintiff's rights in said mark.

52.     Defendant threatens to continue to do the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to Plaintiff's irreparable damage.  It would be difficult to ascertain the amount of compensation which could afford Plaintiff adequate relief for such continuing acts, and a multiplicity of judicial proceedings would be required.  Plaintiff's remedy at law is not adequate to compensate it for injuries threatened.

## FIFTH CAUSE OF ACTION

### Violation of the California Unfair Business Practices Act

### (Against all Defendants)

53.     Plaintiff incorporates by reference and realleges paragraphs 1 through 52 as though fully set forth herein.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Atkins & Davidson
450 B Street, Suite 1430, San Diego, CA 92101

54.    Defendants' acts and practices as detailed above constitute acts of unfair competition. As stated herein, Defendants have engaged in unlawful and fraudulent business acts and/or practices within the meaning of *California Business & Professions Code* §17200 *et seq.*

55.    Defendants have engaged in the following unlawful or fraudulent acts: (1) Misrepresenting to consumers the identities and sources of set-up and television installation; (2) Misappropriations of web-site likenesses for the purpose of financial gains; and (3) Copyright infringement.

56.    By engaging in the above-described conduct. Defendants have engaged in unfair, fraudulent and unlawful business practices. Such tactics harm consumers directly by misrepresenting the company name and contents of the web-site or their equivalent.

57.    As a direct result of the above-mentioned acts, Plaintiff has been, and continues to be harmed.

58.    Plaintiff alleges under information and belief that the above mentioned business practices have been ongoing for the past six months and will continue if Defendants are not enjoined.

59.    Pursuant to *California Business Professions Code* §17203, Plaintiff, seeks an order of this Court prohibiting Defendants from continuing to engage in the unlawful, unfair or fraudulent business acts or practices set forth in this Complaint and from failing to fully disclose the true facts as set forth herein. Plaintiff also requests an order from the Court requiring that Defendants provide complete equitable monetary relief so as to require Defendants to surrender all monies obtained through its acts of unfair competition, including all monies earned as a result of such acts and practices in order to prevent Defendants from benefiting from the practices that constitute unfair competition. Plaintiff also requests the court to impose an asset freeze or constructive trusts over such monies.

////

## SIXTH CAUSE OF ACTION

**Common Law Unfair Competition And California Unfair Competition   ["Palming Off"]**

**(As Against All Defendants)**

60.    Plaintiff incorporates by reference and realleges paragraphs 1 through 59 as though fully set forth herein.

61.    Plaintiff adopted the mark So Cal Installs and used it continuously in commerce for services.  In September 2007, Plaintiff filed an application for registration of said mark in the State of California covering the use of said mark on television installation services.

62.    Plaintiff is informed and believes, and on that basis alleges, that Defendants' conduct was unlawful, unfair and/or fraudulent and has the potential to cause confusion in the marketplace.

63.    As a direct and proximate result of Defendants' conduct, Plaintiff has, and will continue to suffer damages to its business, reputation and goodwill, in an amount to be established at trial.

64.    Defendants' conduct constitutes unfair competition and deceptive practices under *California Business & Professional Code §§ 17200 et seq.* and *17500 et seq.*

65.    Defendants' conduct, as alleged above, namely use of said information to benefit Defendants' competitive services, constitutes unfair competition under California common law.

66.    As a direct and proximate result of Defendants' conduct, Plaintiff has, and will continue to suffer damages to its business, reputation and goodwill, and to lose sales and profits that it would have made but for Defendants' conduct, in an amount to be established at trial.  In addition, Defendants' conduct, unless enjoined and restrained, has, and will continue to cause irreparable harm to plaintiff's reputation and goodwill, for which Plaintiff has no adequate remedy at law.

67.    Plaintiff is informed and believes, and on that basis alleges, that Defendants' acts as described above were done with oppression, fraud and malice, entitling Plaintiff to an award of punitive damages, in an amount to be established at trial.

*Atkins & Davidson*
450 B Street, Suite 1430, San Diego, CA 92101

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

1.     That the Defendants, their officers, agents, employees, representatives, shareholders, affiliates and all persons acting or claiming to act on their behalf, be preliminarily and permanently enjoined and restrained from engaging in unfair competition with Plaintiff;

2.     For an award of compensatory damages, according to proof;

3.     For punitive damages;

4.     For pre-judgment interest;

5.     For attorney's fees and costs associated with this action; and

6.     For general and special damages in accordance with proof;

7.     For interest on the amount of damages at the legal rate from the date each item of damage was incurred;

8.     For costs of suit herein incurred; and

9.     For such other and further relief as this Court may deem just.

DATED: October ____11____, 2007

ATKINS & DAVIDSON

By: _____

TODD C. ATKINS
Attorney for Plaintiff

FILED    **SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

CIVIL ?    FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

2007 OCT 15 P 3: 53

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
HD INSTALL SOLUTIONS, INC., a California corporation; SO CAL
INSTALL; ENRIQUE E. SANTOYO, as an individual; BRYAN
AYLWARD, as an individual and DOES 1-20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
BRANDON WALSH dba SO CAL INSTALLS

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.  A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
    There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
    *Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* San Diego Superior Court, 330 W. Broadway, San Diego, 92101 | CASE NUMBER: *(Número del Caso):* 37-2007-00077963-CU-BT-CTL |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd Atkins, 450 B Street, Suite 1430, San Diego, CA 92101, 619-255-2380

| DATE: *(Fecha)* OCT 15 2007 | Clerk, by A. GUTIERREZ *(Secretario)* | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

   HD Install Solutions, Inc., A California Corporation

3. ☒ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

COPY

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Todd C. Atkins, SBN 208879<br>Atkins & Davidson<br>450 B Street, Suite 1430<br>San Diego, CA 92101<br>TELEPHONE NO: 619-255-2380    FAX NO: 619-231-4984 | CIVIL BUSINESS OFFICE 5<br><br>2007 OCT 15  P 3: 53<br><br>CLERK-SUPERIOR COURT |

ATTORNEY FOR *(Name)*:

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Hall of Justice

CASE NAME:
Brandon Walsh v. HD Install Solutions, Inc. et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited    [ ] Limited<br>(Amount         (Amount<br>demanded      demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 37-2007-00077963-CU-BT-CTL<br><br>JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [✓] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a.[✓] monetary   b.[✓] nonmonetary; declaratory or injunctive relief   c.[✓] punitive
4. Number of causes of action *(specify)*:
5. This case [ ] is [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 11, 2007

Todd C. Atkins                                      _[signature]_
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

COPY

American LegalNet, Inc.
www.FormsWorkflow.com

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2007-00077963-CU-BT-CTL    CASE TITLE: Walsh vs. HD Install Solutions Inc

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

## ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial

## ADR OPTIONS

1) **CIVIL MEDIATION PROGRAM:** The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non- binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

2) **JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 238-2400.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |

PLAINTIFF(S): Brandon Walsh

DEFENDANT(S): HD Install Solutions Inc et.al.

SHORT TITLE: WALSH VS. HD INSTALL SOLUTIONS INC

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS (CRC 3.221) | CASE NUMBER: 37-2007-00077963-CU-BT-CTL |
|---|---|

Judge: William R. Nevitt, Jr.                                        Department: C-64

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

☐ Court-Referred Mediation Program          ☐ Court-Ordered Nonbinding Arbitration

☐ Private Neutral Evaluation                ☐ Court-Ordered Binding Arbitration (Stipulated)

☐ Private Mini-Trial                        ☐ Private Reference to General Referee

☐ Private Summary Jury Trial                ☐ Private Reference to Judge

☐ Private Settlement Conference with Private Neutral   ☐ Private Binding Arbitration

☐ Other (specify): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate: (mediation & arbitration only) _____

Date: _____          Date: _____

_____          _____
Name of Plaintiff                         Name of Defendant

_____          _____
Signature                                 Signature

_____          _____
Name of Plaintiff's Attorney              Name of Defendant's Attorney

_____          _____
Signature                                 Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

**IT IS SO ORDERED.**

Dated: 10/15/2007          _____
                           JUDGE OF THE SUPERIOR COURT

3

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS:     330 West Broadway
MAILING ADDRESS:    330 West Broadway
CITY AND ZIP CODE:  San Diego, CA 92101
BRANCH NAME:        Central
TELEPHONE NUMBER:   (619) 685-6028

PLAINTIFF(S) / PETITIONER(S):    Brandon Walsh

DEFENDANT(S) / RESPONDENT(S):  HD Install Solutions Inc et.al.

WALSH VS. HD INSTALL SOLUTIONS INC

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER: 37-2007-00077963-CU-BT-CTL |
|---|---|

Judge: William R. Nevitt, Jr.                              Department: C-64

**COMPLAINT/PETITION FILED:** 10/15/2007

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

SDSC CIV-721 (Rev. 11-06)                    NOTICE OF CASE ASSIGNMENT                    Page: 1

1   JOHN M. KIM (Bar No. 188997)
    IP LEGAL ADVISORS, PC
2   1940 Garnet Avenue, Suite 230
    San Diego, CA  92109
3   Telephone:  (858) 272-0227
    Facsimile:  (858) 272-0221
4

5   Attorney for Defendant
    HD Install Solutions, Inc.
6

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                     COUNTY OF SAN DIEGO

| | |
|---|---|
| 9   BRANDON WALSH dba SO CAL INSTALLS, | CASE NO.  37-2007-00077963-CU-BT-CTL |
| 10 | |
| 11           Plaintiff, | **NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT** |
| 12     vs. | |
| 13   HD INSTALL SOLUTIONS, INC., a California corporation; SO CAL | Action filed:     October 15, 2007 |
| 14   INSTALL; ENRIQUE E. SANTOYO, as in individual, BRYAN AYLWARD, as an | |
| 15   individual and DOES 1-20 inclusive, | |
|           Defendants. | |

16       TO PLAINTIFF AND HIS ATTORNEY OF RECORD:

17       PLEASE TAKE NOTICE THAT a Notice of Removal of this action was filed in the

18  United States District Court for the Southern District of California on November 8, 2007.

19       A copy of the Notice of Removal is attached to this Notice and served and filed herewith.

20  DATED:  November 8, 2007

21

22                IP LEGAL ADVISORS, P.C.

23

24

25                JOHN KIM
                  Attorney for Defendant
26                   HD Install Solutions, Inc.

27

28

1  JOHN M. KIM (Bar No. 188997)
   IP LEGAL ADVISORS, PC
2  1940 Garnet Avenue, Suite 230
   San Diego, CA 92109
3  Telephone: (858) 272-0227
   Facsimile: (858) 272-0221
4
   Attorney for Defendant
5  HD Install Solutions, Inc.

6

7                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                              COUNTY OF SAN DIEGO

9  BRANDON WALSH dba SO CAL            CASE NO. 37-2007-00077963-CU-BT-CTL
   INSTALLS,
10                                     **CERTIFICATE OF SERVICE OF NOTICE**
11             Plaintiff,              **TO ADVERSE PARTY OF REMOVAL TO**
                                       **FEDERAL COURT**
12        vs.

13 HD INSTALL SOLUTIONS, INC., a
   California corporation; SO CAL
14 INSTALL; ENRIQUE E. SANTOYO, as
   an individual; BRYAN AYLWARD, as an
15 individual and DOES 1-20 inclusive,

16             Defendants.

17        I, Patti Windham, certify and declare as follows:

18        I am over the age of 18 years and not a party to this action.

19        My business address is 1940 Garnet Avenue, Suite 230, which is located in the city,

20 county and state where the mailing described below took place.

21        On November 8, 2007, I deposited in the United States Mail at my business address a

22 copy of the following documents:

23        1.      Notice to Adverse Party of Removal to Federal Court

24        2.      Notice of Removal of Action

25 to the following person:
   Todd Atkins, Esq.
26 Atkins & Davidson
   450 B Street, Suite 1430
27 San Diego, California 92101

28
                                          -1-

1         I declare under penalty of perjury that the foregoing is true and correct.

2    Executed on November 8, 2007

3

4

5                                  Patti Windham

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IP LEGAL ADVISORS    CERTIFICATE OF SERVICE OF NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT

1                                  **PROOF OF SERVICE**

2         I am employed in the County of San Diego, State of California. I am over the age of
eighteen and not a party to the within action. My business address is 1940 Garnet Avenue, Suite
3   230, San Diego, California 92109.

4

        I hereby certify that on November 8, 2007, I served a **NOTICE OF REMOVAL OF**
5   **ACTION UNDER 28 U.S.C. §1441(b) (FEDERAL QUESTION)** on the following participants
by placing a true copy thereof enclosed in a sealed envelope addressed as follows:
6

Todd Atkins, Esq.                            *Attorneys for Plaintiff*
7   Atkins & Davidson                   Brandon Walsh dba SO CAL INSTALLS
450 B Street, Suite 1430
8   San Diego, California 92101

9

10         X   (By Mail): As follows: I am "readily familiar" with the firm's practice of collection
and processing correspondence for mailing. Under that practice, it would be deposited with the
11   U.S. Postal Service on that same day with postage thereon fully prepaid at San Diego, California,
in the ordinary course of business. I am aware that on motion of the party served, service is
12   presumed invalid if postal cancellation date or postage meter date is more than one day after
13   deposit for mailing affidavit.

14         X   (Federal): I declare that I am employed in the office of a member of the bar of this
court at whose direction the service was made.
15

16 EXECUTED ON November 8, 2007 at San Diego, California

17

18                                           Patti Windham

19

20

21

22

23

24

25

26

27

28

Proof of Service

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**FILED**

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| BRANDON WALSH dba SO CAL INSTALLS | HD INSTALL SOLUTIONS, INC., SO CAL INSTALL, ENRIQUE E. SANTOYO, BRYAN AYLWARD |

NOV -8 PM 2: 59

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

**(b)** County of Residence of First Listed Plaintiff    San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

BY:  DEPUTY

**'07 CV 2145 H (POR)**

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Todd C. Atkins, 450 B Street, Suite 1430, San Diego, CA 92101

Attorneys (If Known)
John M. Kim, 1940 Garnet Avenue, Suite 230, San Diego, CA 92109

## II. BASIS OF JURISDICTION    (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)    and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT    (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☒ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN    (Place an "X" in One Box Only)

☐ 1  Original Proceeding
☒ 2  Removed from State Court
☐ 3  Remanded from Appellate Court
☐ 4  Reinstated or Reopened
☐ 5  Transferred from another district (specify)
☐ 6  Multidistrict Litigation
☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title 17 U.S. Code; Title 15 U.S. Code    17 USC 501, 15 USC 1125
Brief description of cause:
Federal Copyright infringement and Federal Trademark infringement

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):    JUDGE                    DOCKET NUMBER

DATE
11/08/2007

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #  144324    AMOUNT  $350.    APPLYING IFP            JUDGE            MAG. JUDGE

11/8/07

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 144324     — SR
* * C O P Y * *
November 08, 2007
14:57:39

**Civ Fil Non-Pris**
USAO #.: 07CV2145 CIV. FIL.
Judge..: MARILYN L HUFF
Amount.:                    $350.00 CK
Check#.: BC#2053

Total—> $350.00

FROM: WALSH V. HD INSTALL SOLUTIONS,
      ET AL
      CIVIL FILING