JOHN M. KIM (Bar No. 188997)
**IP LEGAL ADVISORS, P.C.**
1940 Garnet Avenue, Suite 230
San Diego, CA 92109
Tel: (858) 272-0227
Fax: (858) 272-0221

Attorney for Defendant
HD INSTALL SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON WALSH dba SO CAL INSTALLS,<br><br>Plaintiff,<br><br>v.<br><br>HD INSTALL SOLUTIONS, INC., a California corporation; SO CAL INSTALL; ENRIQUE E. SANTOYO, as an individual; BRYAN AYLWARD, as an individual and DOES 1-20 inclusive,<br><br>Defendant. | Case No. 3:07-cv-2145<br><br>HD INSTALL SOLUTIONS, INC.'s ANSWER TO SO CAL INSTALLS' COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF |

Defendant HD INSTALL SOLUTIONS, INC. ("HD INSTALL") answers the Plaintiff SO CAL INSTALLS' ("Plaintiff") claims as follows:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction over this matter because a substantial part of the events and/or omissions giving rise to the claims asserted herein occurred in the County of San Diego, State of California. Moreover, both the Plaintiff's and the Defendants' business operations at issue are located in San Diego County. This Court has jurisdiction over the causes of action alleged herein because Plaintiff is informed and believes that the state law violations occurred in San Diego County. The claims asserted herein arise under California Business and Professions Code Sections 14203, 14207, 14208, 14340(a), California Civil Code Sections 3333 and 3294, any other applicable statutory provision, and the common law.

**Answer**

HD INSTALL denies that the San Diego County Superior Court has jurisdiction over this matter and has accordingly removed this matter to this Court based on federal question jurisdiction. HD INSTALL admits that both the Plaintiff and HD INSTALL have business operates located in San Diego County. HD INSTALL denies that the San Diego County Superior Court has jurisdiction over the causes of action alleged in the complaint and has accordingly removed this matter to this Court based on supplemental jurisdiction. HD INSTALL is without knowledge or information sufficient to form a belief as to the truth of the allegations of the remainder of Paragraph 1 and, therefore, denies such allegations.

2. Venue is appropriate in this matter because Defendants HD INSTALL SOLUTIONS, INC. and ENRIQUE E. SANTOYO reside in the County of San Diego, State of California.

**Answer**

HD INSTALL denies that venue is proper in the San Diego County Superior Court and has accordingly removed this matter to this Court.

**THE PARTIES**

3. Plaintiff is, and at all times mentioned herein was, an individual residing in San Diego, California doing business as So Cal Installs.

**Answer**

HD INSTALL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 and, therefore, denies such allegations.

4. Plaintiff is informed and believes, and on the basis of such information and belief, alleges that Defendant, HD INSTALL SOLUTIONS, INC., is, and at all times mentioned herein was, a corporation, organized and existing under the laws of the State of California and doing business in the State of California.

**Answer**

HD INSTALL admits the allegations of Paragraph 4.

/////

5.  Plaintiff is informed and believes, and on the basis of such information and belief, alleges that Defendant, SO CAL INSTALL, is, and at all times mentioned herein was, a company of unknown form doing business in the State of California.

**Answer**

HD INSTALL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 and, therefore, denies such allegations.

6.  Defendant, ENRIQUE E. SANTOYO, is, and at all times mentioned herein was, an individual residing in the City of San Diego, in the State of California.

**Answer**

HD INSTALL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 and, therefore, denies such allegations.

7.  Defendant, BRYAN AYLWARD, is, and at all times mentioned herein was, an individual residing in the State of California.

**Answer**

HD INSTALL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 and, therefore, denies such allegations.

8.  Plaintiff does not know the true legal names or legal capacities of the defendants sued herein as DOES 1-20, inclusive, and therefore sue said defendants by such fictitious names.

**Answer**

HD INSTALL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 and, therefore, denies such allegations.

9.  Plaintiff is informed and believes, and thereon alleges, that each of the defendants designated herein as DOE is legally responsible in some manner for the matters herein alleged, and is legally responsible in some manner of causing the injuries to Plaintiff as hereinafter alleged.

/////

/////

**Answer**

HD INSTALL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 and, therefore, denies such allegations.

10.  At all times mentioned in this complaint, unless otherwise alleged, each defendant was the agent, partner or employee of every other defendant, and in doing the acts alleged in this complaint, was acting within the course, scope, and authority of that agency, partnership, or employment, and with the knowledge and consent of each of the other defendants.

**Answer**

HD INSTALL denies each and every allegation of Paragraph 10.

### GENERAL ALLEGATIONS

11.  Plaintiff incorporates by reference and realleges paragraphs 1 through 9 as though fully set forth herein.

**Answer**

HD INSTALL repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 9 above as though fully set forth herein.

12.  In or about April 2007, Plaintiff started the company So Cal Installs for the purpose of installing television systems. On May 3, 2007, Plaintiff registered the "DBA" of "So Cal Installs" with the County of San Diego.

**Answer**

HD INSTALL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 and, therefore, denies such allegations.

13.  In or about May 2007, Plaintiff created the web-site So Cal Installs with an internet address of socalinstalls.com.

**Answer**

HD INSTALL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 and, therefore, denies such allegations.

14.  On or about June 29, 2007, Defendants started the company So Cal Install for the purpose of installing television systems. On information and belief, Defendants

1  knew that Plaintiff has already started a company named "So Cal Installs" and Defendants
2  intentionally came up with an extremely similar name in order to attempt to deceive the public.

       **Answer**

       HD INSTALL denies each and every allegation of Paragraph 14.

       15.       On or about June 29, 2007, Defendants created the web-site for So Cal Install with an internet address of socalinstall.com. Defendants' website blatantly copied text from Plaintiff's website. Several sections of Defendants' website including the 'description of services offered' portion copied Plaintiff's web-site word for word.

       **Answer**

       HD INSTALL denies each and every allegation of Paragraph 15.

       16.       In or about September 2007, Defendants started a new company named HD Install Solutions, Inc. HD Install Solutions, Inc's web-site is linked to the socalinstall.com web-site. HD Install Solutions, Inc. also is using text from Plaintiff's web-site to sell product through Craig's List, a classified ads web-site.

       **Answer**

       HD INSTALL denies each and every allegation of Paragraph 16.

       17.       On information and belief, Defendants have also used word for word copying of Plaintiff's website in other advertisements for services on Craig's List and other internet websites.

       **Answer**

       HD INSTALL denies each and every allegation of Paragraph 17.

## FIRST CAUSE OF ACTION

**Misappropriation of Likeness and Violation of Rights of Publicity**

**(Against all Defendants)**

       18.       Plaintiff incorporates by reference and realleges paragraphs 1 through 17 as though fully set forth herein.

/////

/////

1 **Answer**

HD INSTALL repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 17 above as though fully set forth herein.

19.  Defendants knowingly and intentionally copied the contents of Plaintiff's web-site, and are using it, or portions of it, in a commercial setting.

**Answer**

HD INSTALL denies each and every allegation of Paragraph 19.

20.  Plaintiff's company and web-site existed prior to Defendant's development of their web-site.

**Answer**

HD INSTALL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 and, therefore, denies such allegations.

21.  Defendant's sole purpose of exploiting Plaintiff's advertisements was for financial gain associated with the sale of their television installment company.

**Answer**

HD INSTALL denies each and every allegation of Paragraph 21.

22.  At no time prior to the development or distribution of Defendant's website did Plaintiff provide authorization for Defendants to use its website contents.

**Answer**

HD INSTALL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 and, therefore, denies such allegations.

23.  At no time after the development or distribution of Defendant's website did Plaintiff provide Defendants authorization to use its website contents.

**Answer**

HD INSTALL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 and, therefore, denies such allegations.

/////
/////

24.     As a direct result of Defendants misappropriation of Plaintiff's website contents under Civil Code §3344, Plaintiff has incurred actual damages according to proof at time of trial.

**Answer**

HD INSTALL denies each and every allegation of Paragraph 24.

25.     Additionally, as a direct result of Defendant's misappropriation of Plaintiff's web-site contents, Defendants have obtained gross revenues and/or profits according to proof at time of trial.

**Answer**

HD INSTALL denies each and every allegation of Paragraph 25.

26.     Additionally, the above-mentioned acts by Defendants constitute despicable and deliberate conduct and were undertaken with fraud, oppression and malice towards Plaintiff, as these terms are defined in California Civil Code §3294 and therefore entitle Plaintiff to punitive damages according to proof.

**Answer**

HD INSTALL denies each and every allegation of Paragraph 26.

## SECOND CAUSE OF ACTION

**Copyright Infringement/Trademark Infringement**

**(Alleged Against All Defendants)**

27.     Plaintiff incorporates by reference and realleges paragraphs 1 through 26 as though fully set forth herein.

**Answer**

HD INSTALL repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 26 above as though fully set forth herein.

28.     At all relevant times Plaintiff owned copyrights to all information created by it between the years 2006 through 2007. All such works were and are original authorships. As such Plaintiff was and is the legal and beneficial holder of trademark and copyright interests in all such materials. Therefore, at all relevant times Plaintiff alleges that it

1  was the legal and beneficial holder of trademark interests and copyright interests in all relevant
2  materials.

**Answer**

HD INSTALL is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 28 and, therefore, denies such allegations.

29.	Defendants, and each of them, have engage in repeated violations of Plaintiff's copyright and trademark interests by engaging in the acts of publicly displaying, broadcasting and otherwise exhibiting materials wherein Plaintiff holds a copyright and trademark interest. Defendants' violations include but are not limited to reproduction of Plaintiff's copyrighted and trademarked materials for commercial sale through the Internet and other formats. Said conduct was done without the express or implied permission, license or authorization of Plaintiff and has infringed on Plaintiff's exclusive right to publicly exhibit, display or broadcast or otherwise exhibit Plaintiff's materials.

**Answer**

HD INSTALL denies each and every allegation of Paragraph 29.

30.	In addition to the unauthorized reproduction of Plaintiff's copyrighted and trademarked materials by Defendants, and each of them, Defendants have further infringed on Plaintiff's rights by engaging in specific acts of duplicating Plaintiff's materials without providing proper credit to Plaintiff. Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, have engaged and are engaging in numerous other similar misattributions of credit.

**Answer**

HD INSTALL denies each and every allegation of Paragraph 30.

31.	Defendants' conduct is an express violation of relevant provisions of California State law, including but not limited to *California Civil Code* § §3344 et seq.; *Business & Professions* §14320 et seq.

/////
/////

**Answer**

HD INSTALL denies each and every allegation of Paragraph 31.

32.     At all relevant times the infringement of Plaintiff's copyrights and trademark rights was done willfully, knowingly and intentionally by Defendants, and each of them.

**Answer**

HD INSTALL denies each and every allegation of Paragraph 32.

33.     As required pursuant to *Code of Civil Procedure* §429.30(b) Plaintiff has readily available all relevant materials whose copyright Defendants have allegedly violated. However, due to the bulk of said materials it is impracticable for Plaintiff to attach the materials to Plaintiff's Complaint. However, said materials are available for inspection by the Court and all parties upon request in full compliance with the requirements of *Code of Civil Procedure* §429.30(b).

**Answer**

HD INSTALL is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 33 and, therefore, denies such allegations.

34.     As a direct result of Defendants' wrongful conduct, as alleged herein, there is now due and owing from Defendants, and each of them, the full amount of Plaintiff's losses, subject to proof at trial, and legal interest on the principal amount for the period commencing in or about June 2007 and continuing up through the present time.

**Answer**

HD INSTALL denies each and every allegation of Paragraph 34.

35.     As a further direct result of the Defendant's wrongful conduct, as alleged herein, Plaintiff has been without the use of such funds. The reasonable and foreseeable monetary damage resulting from such loss of use is presently not fully ascertained, but subject to proof at trial.

**Answer**

HD INSTALL denies each and every allegation of Paragraph 35.

36.     As a further direct and proximate result of the wrongful conduct of Defendants, and each of them, as alleged herein. Plaintiff has incurred costs and expenses for prosecution of the present action, expert witness fees, attorney fees, and costs and expenses in prosecuting the present action, all in an amount not fully ascertained, but to be shown according to proof at trial.

**Answer**

HD INSTALL denies each and every allegation of Paragraph 36.

37.     The intentional, callous, willful, wanton and oppressive acts of defendants, as set forth herein-above, are sufficient to warrant the imposition of punitive and exemplary damages against defendants in an amount sufficient to punish and make an example of them. The exact amount of such damages are presently unknown to Plaintiffs, but will be subject to proof at trial.

**Answer**

HD INSTALL denies that its alleged actions are sufficient to warrant the imposition of punitive and exemplary damages. HD INSTALL is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 37 and, therefore, denies such allegations.

## THIRD CAUSE OF ACTION

**Intentional Tortious Interference With Prospective Business Relationships**

**(Alleged Against All Defendants)**

38.     Plaintiff incorporates by reference and realleges paragraphs 1 through 37 as though fully set forth herein.

**Answer**

HD INSTALL repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 37 above as though fully set forth herein.

39.     At all times material hereto, Defendants have been and are aware of Plaintiff's business relationship and reasonable expectations regarding prospective economic advantage at So Cal Installs.

1 | **Answer**

2 | HD INSTALL is without knowledge or information sufficient to form a belief as
3 | to the allegations of Paragraph 39 and, therefore, denies such allegations.

4 | 40. Despite knowing of the existing business relationship, Defendants,
5 | and each of them, intentionally interfered with Plaintiff's business by wrongfully, and without
6 | authorization, copying Plaintiff's web-site and utilizing a very similar company name so as to
7 | confuse the public.

8 | **Answer**

9 | HD INSTALL denies each and every allegation of Paragraph 40.

10 | 41. Through Defendants actions, Defendants have intentionally sought
11 | to interfere with Plaintiff's reasonable expectations and prospective economic advantage, and
12 | knew that such interference was and is substantially certain to occur.

13 | **Answer**

14 | HD INSTALL denies each and every allegation of Paragraph 41.

15 | 42. Defendants' interference with Plaintiff's prospective economic
16 | advantage is neither justified nor privileged.

17 | **Answer**

18 | HD INSTALL denies each and every allegation of Paragraph 42.

19 | 43. As a result of Defendant's actions, Plaintiff has suffered and will
20 | continue to suffer interference with prospective economic advantage including, without
21 | limitation, expenses he had reasonable expected not to incur from additional claims, investigation
22 | and settlement costs. These damages are in excess of the jurisdictional requirements of this
23 | Court, according to proof at trial. Defendants' conduct is characterized by fraud, oppression
24 | and/or malice which entitles Plaintiff to an award of exemplary damages against Defendants.

25 | **Answer**

26 | HD INSTALL denies each and every allegation of Paragraph 43.

27 | 44. As a result of the intentional conduct of Defendants, and each of
28 | them, Plaintiff has been forced to expend additional time and effort in an attempt to recover

1 money owed from Defendants. As a further direct and proximate result of the aforementioned
2 wrongful conduct, Plaintiff has incurred costs and expenses for prosecution of the present action,
3 expert witness fees and attorney fees all in an amount not yet fully ascertained, but to be shown
4 according to proof at trial.

**Answer**

HD INSTALL denies each and every allegation of Paragraph 44.

45.     The intentional, callous, willful, wanton and oppressive acts of defendants, as set forth herein-above, are sufficient to warrant the imposition of punitive and exemplary damages against defendants in tan amount sufficient to punish and make an example of them. The exact amount of such damages are presently unknown to Plaintiff, but will be subject to proof at trial.

**Answer**

HD INSTALL denies that its alleged actions are sufficient to warrant the imposition of punitive and exemplary damages. HD INSTALL is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 45 and, therefore, denies such allegations.

**FOURTH CAUSE OF ACTION**

**Dilution Of Trademark**

**(As Against All Defendants)**

46.     Plaintiff incorporates by reference and realleges paragraphs 1 through 45 as though fully set forth herein.

**Answer**

HD INSTALL repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 45 above as though fully set forth herein.

47.     Plaintiff adopted the mark So Cal Installs and used it continuously in commerce for sale of services pertaining to television installation.

///// 
/////

1  **Answer**

2  HD INSTALL is without knowledge or information sufficient to form a belief as
3  to the allegations of Paragraph 47 and, therefore, denies such allegations.

4  48.   Continuously since on or about April 2007, Plaintiff has used the
5  mark So Cal Installs to identify its service and to distinguish them from those made and sold by
6  others, by among, other things, prominently displaying the mark So Cal Installs on their website
7  associated therewith.

8  **Answer**

9  HD INSTALL is without knowledge or information sufficient to form a belief as
10 to the allegations of Paragraph 48 and, therefore, denies such allegations.

11 49.   Defendant has diluted the distinctive quality of Plaintiff's mark by
12 various acts, including the association of Plaintiff's mark with Defendant's services. Said use of
13 said names and marks by Defendants is without permission or authority of Plaintiff and said use
14 by Defendants is likely to dilute the distinctive quality and effectiveness of Plaintiff's mark.

15 **Answer**

16 HD INSTALL denies each and every allegation of Paragraph 49.

17 50.   Since on or about April 2007, Plaintiff has given notice that it is the
18 mark owner.

19 **Answer**

20 HD INSTALL is without knowledge or information sufficient to form a belief as
21 to the truth of the allegations of Paragraph 50 and, therefore, denies such allegations.

22 51.   Said acts of Defendant constitute dilution of Plaintiff's rights in
23 said mark.

24 **Answer**

25 HD INSTALL denies each and every allegation of Paragraph 51.

26 52.   Defendant threatens to continue to do the acts complained of herein,
27 and unless restrained and enjoined, will continue to do so, all to Plaintiff's irreparable damage. It
28 would be difficult to ascertain the amount of compensation which could afford Plaintiff adequate

1. relief for such continuing acts, and a multiplicity of judicial proceedings would be required. Plaintiff's remedy at law is not adequate to compensate it for injuries threatened.

**Answer**

HD INSTALL denies each and every allegation of Paragraph 52.

## FIFTH CAUSE OF ACTION

### Violation of the California Unfair Business Practices Act

### (Against all Defendants)

53. Plaintiff incorporated by reference and realleges paragraphs 1 through 52 as though fully set forth herein.

**Answer**

HD INSTALL repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 52 above as though fully set forth herein.

54. Defendants' acts and practices as detailed above constitute acts of unfair competition. As stated herein, Defendants have engaged in unlawful and fraudulent business act and/or practices within the meaning of *California Business & Professions Code* §17200 *et seq*.

**Answer**

HD INSTALL denies each and every allegation of Paragraph 54.

55. Defendants have engaged in the following unlawful or fraudulent acts: (1) Misrepresenting to consumer the identities and sources of set-up and television installation; (2) Misappropriations of web-site likenesses for the purpose of financial gains; and (3) Copyright infringement.

**Answer**

HD INSTALL denies each and every allegation of Paragraph 55.

56. By engaging in the above-described conduct. Defendants have engaged in unfair, fraudulent and unlawful business practices. Such tactics harm consumers directly by misrepresenting the company name and contents of the web-site or their equivalent.

1 **Answer**

2 HD INSTALL denies each and every allegation of Paragraph 56.

3 57. As a direct result of the above-mentioned acts, Plaintiff has been, and continues to be harmed.

5 **Answer**

6 HD INSTALL denies each and every allegation of Paragraph 57.

7 58. Plaintiff alleges under information and belief that the above mentioned business practices have been ongoing for the past six months and will continue if Defendants are not enjoined.

10 **Answer**

11 HD INSTALL denies each and every allegation of Paragraph 58.

12 59. Pursuant to *California Business Professions Code* §17203, Plaintiff, seeks an order of this Court prohibiting Defendants from continuing to engage in the unlawful, unfair or fraudulent business acts or practices set forth in this Complaint and from failing to fully disclose the true facts as ser forth herein. Plaintiff also requests an order from the Court requiring that Defendants provide complete equitable monetary relief so as to require Defendants to surrender all monies obtained through its acts of unfair competition, including all monies earned as a result of such acts and practices in order to prevent Defendants from benefiting from the practices that constitute unfair competition. Plaintiff also requests the court to impose an asset freeze or constructive trusts over such monies.

21 **Answer**

22 HD INSTALL denies each and every allegation of Paragraph 59.

### SIXTH CAUSE OF ACTION
**Common Law Unfair Competition And California Unfair Competition ["Palming Off"]**
**(As Against All Defendants)**

26 60. Plaintiff incorporates by reference and realleges paragraphs 1 through 59 as though fully set forth herein.

28 **Answer**

1    HD INSTALL repeats and incorporates by reference its responses to the
2    allegations contained in Paragraphs 1 through 59 above as though fully set forth herein.
3    61.    Plaintiff adopted the mark So Cal Installs and used it continuously
4    in commerce for services. In September 2007, Plaintiff filed an application for registration of
5    said mark in the State of California covering the use of said mark on television installation
6    services.

7    **Answer**

8    HD INSTALL is without knowledge or information sufficient to form a belief as
9    to the truth of the allegations of Paragraph 61 and, therefore, denies such allegations.
10   62.    Plaintiff is informed and believes, and on that basis alleges, that
11   Defendants' conduct was unlawful, unfair and/or fraudulent and has the potential to cause
12   confusion in the marketplace.

13   **Answer**

14   HD INSTALL denies each and every allegation of Paragraph 62.
15   63.    As a direct and proximate result of Defendants' conduct, Plaintiff
16   has, and will continue to suffer damages to its business, reputation and goodwill, in an amount to
17   be established at trial.

18   **Answer**

19   HD INSTALL denies each and every allegation of Paragraph 63.
20   64.    Defendants' conduct constitutes unfair competition and deceptive
21   practices under *California Business & Professional Code* §§ 17200 et seq. and 17500 et seq.

22   **Answer**

23   HD INSTALL denies each and every allegation of Paragraph 64.
24   65.    Defendants' conduct, as alleged above, namely use of said
25   information to benefit Defendants' competitive services, constitutes unfair competition under
26   California common law.
27   /////
28   /////

**Answer**

HD INSTALL denies each and every allegation of Paragraph 65.

66.     As a direct and proximate result of Defendants' conduct, Plaintiff has, and will continue to suffer damages to its business, reputation and goodwill, and to lose sales and profits that it would have made but for Defendants' conduct, in an amount to be established at trial. In addition, Defendants' conduct, unless enjoined and restrained, has, and will continue to cause irreparable harm to plaintiff's reputation and goodwill, for which Plaintiff has no adequate remedy at law.

**Answer**

HD INSTALL denies each and every allegation of Paragraph 66.

67.     Plaintiff is informed and believes, and on that basis alleges, that Defendants' acts as described above were done with oppression, fraud and malice, entitling Plaintiff to an award of punitive dames, in an amount to be established at trial.

**Answer**

HD INSTALL denies each and every allegation of Paragraph 67.

## SEPARATE AFFIRMATIVE DEFENSES

As a further answer to Plaintiff's claims, HD INSTALL asserts the following affirmative defenses:

### I.

### FAILURE TO STATE A CAUSE OF ACTION

Plaintiff's complaint, and each and every cause of action therein, fails to state facts sufficient to constitute a cause of action against HD INSTALL.

### II.

### FAIR USE

Plaintiff's trademark and copyright infringement causes of action are barred by the doctrine of fair use.

/////

### III.

### TRADEMARK INVALIDITY

Plaintiff's purported trademark infringement count is barred on the grounds that Plaintiff's alleged rights to the mark SO CAL INSTALLS is invalid because the mark is highly descriptive or generic.

### IV.

### COPYRIGHT INVALIDITY

Plaintiff's purported copyright infringement count is barred on the grounds that Plaintiff's alleged rights to the content of its www.socalinstalls.com website is invalid because the content lacks the requisite originality.

### V.

### INNOCENT INTENT

Plaintiff's causes of action are barred and/or its remedies are limited on grounds that HD INSTALL had innocent intent in the alleged acts in Plaintiff's Complaint.

### VI.

### LACHES

Plaintiff has delayed, for an unreasonable period of time, asserting its claims against HD INSTALL and those delays have prejudiced HD INSTALL. Plaintiff's causes of action are, therefore, barred by the doctrine of laches.

### VII.

### UNCLEAN HANDS

Plaintiff's causes of action are barred by application of the doctrine of unclean hands.

### VIII.

### PREEMPTION

Plaintiff's state law causes of action are preempted by federal trademark law.

### IX.

### STATUTES OF LIMITATIONS

1  Plaintiff's causes of action are barred by all applicable statutes of limitations.

## X.

## ESTOPPEL

Plaintiff has engaged in conduct and activities with respect to the subject matter of this action by reason of which it is estopped to assert any claims or demands against HD INSTALL.

## XI.

## WAIVER

Plaintiff has engaged in conduct and activities with respect to the subject matter of this action by reason of which it has waived all claims or demands, if any, against HD INSTALL.

Respectfully Submitted

Dated: November 13, 2007

IP LEGAL ADVISORS, P.C.

By _____
JOHN M. KIM
Attorneys for Defendant
HD INSTALL SOLUTIONS, INC.